IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bovis Lend Lease, Inc., | ) | |
| | ) | C/A 2:06-3555-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION and ORDER** |
| | ) | |
| National Union Fire Insurance Co., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendant's motion to dismiss Count III of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is denied.

## I. BACKGROUND

This action arises from the construction of the Renaissance on Charleston Harbor condominium project, for which plaintiff served as construction manager and general contractor. During construction, there were issues with water infiltration into some of the units, which were ostensibly dealt with at that time. But in summer 2004, after a hurricane and a tropical storm hit the area, many units experienced "significant water infiltration." The homeowners association filed suit against plaintiff, and two individual unit owners filed separate suits. The cases were eventually settled.

Defendant provided general commercial liability and umbrella insurance coverage for the project. After orally agreeing to provide a defense,[1] defendant has "refused or

---

[1] Plaintiff asserts that defendant did not file a reservation of rights letter until June 2006, despite receiving notice of the lawsuits a year earlier.

failed to acknowledge its coverage obligations" and "has refused or failed to pay any portion of the defense or repair costs incurred by Bovis" in connection with the project. These costs, according to plaintiff, exceed $7,000,000.00.

Plaintiff initiated this action, seeking a declaratory judgment of coverage, and alleging other state law causes of action. The complaint is titled "Complaint for Declaratory Judgment, Breach of Contract, Bad Faith and Estoppel." Defendant filed a motion to dismiss, claiming that Count III of the complaint alleges only a cause of action under S.C. Code § 38-59-20, which provides no private right of action for bad faith. Plaintiff's response, in essence, is that the complaint alleges sufficient facts to constitute a common law bad faith claim and thus that Count III should not be dismissed, and alternatively that it should be allowed to amend its complaint to specifically allege a common law bad faith cause of action.

## II.  STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only if "it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Ridpath v. Bd. of Governors, 447 F.3d 292, 317 (4th Cir. 2006) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). A court in ruling on such a motion should accept the plaintiff's factual allegations as true and view the complaint in the light most favorable to the plaintiff. E.g., Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002) (quoting Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

In asserting a cause of action, a plaintiff need not plead detailed evidentiary facts,

and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir. 1978).  Nonetheless, the court cannot ignore a clear failure in the pleadings to allege any facts that set forth a claim. See Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 325 (4th Cir. 2001) (citation omitted).

### III.   DISCUSSION

Count III of plaintiff's complaint alleges as follows:

### COUNT III
### (Statutory Bad Faith and Improper Claim Handling)

65.    Pursuant to S.C. Code Ann. § 38-59-20, entitled, "Improper Claim Practices," National Union acted improperly with their claims practices in that Nation Union did not attempt "in good faith to effect prompt, fair, and equitable settlement of claims, including third-party liability claims, submitted to it in which liability has become reasonably clear."

66.    Pursuant to S.C. Code Ann. § 38-59-20, National Union's conduct constituted "improper claim practices" by offering to settle claims for an unreasonable amount and "payable based upon the possibility that the policyholder or claimant would be required to incur attorney's fees to recover the amount reasonably due or payable."

67.    Bovis has been damaged by National Union's failure to attempt in good faith the settle the Renaissance Claims.

68.    In addition to the amount due to Bovis on account of its claims under the Policies, Bovis is entitled to prejudgment interest, attorney's fees (pursuant to S.C. Code Ann. § 38-59-40) and court costs, all on account of National Union's unfair claim settlement practices and failure to attempt in good faith to settle the Renaissance Claims.

In addition to asserting a general denial and 27 affirmative defenses, defendant filed a lengthy counterclaim for declaratory judgment, arguing that no coverage exists under the policy for several reasons.

### *A.  Section 38-57-20 Does Not Provide a Private Cause of Action.*

It is undisputed that the Insurance Trade Practices Act, S.C. Code Ann. § 38-57-10 et. seq.  and the Claims Practices Act, S.C. Code Ann. § 38-59-20 et seq. do not create private causes of action; rather, they "create an administrative remedy" for third parties aggrieved by unfair claims practices because "South Carolina does not recognize a third party action for bad faith refusal to pay insurance benefits." Masterclean, Inc. v. Star Ins. Co., 347 S.C. 405, 556 S.E.2d 371, 377 (2001) (answering a question certified by Perry, S.J., of this district) (citing Kleckley v. Nw. Nat'l Cas. Co., 330 S.C. 277, 498 S.E.2d 669 (1998)).  This court has further held, "based on South Carolina court decisions in the third party context[,] that the South Carolina courts would also conclude that section 38-59-20 does not create a statutory private cause of action for first-party claimants." Ocean Winds Council of Co-Owners, Inc. v. Auto-Owners Ins. Co., 241 F. Supp. 2d 572, 578 (D.S.C. 2002) (Norton, J.) (footnote omitted).

Plaintiff does not dispute that the statute creates no private right of action. Rather, it asserts that it has otherwise "clearly set forth the elements of a cause of action for bad faith" under the common law.  In a rather defensive tone, it accuses National Union of taking a "narrow focus" to the allegations in its complaint and asserts that the motion to dismiss is "nothing more than an attempt to frustrate Bovis' right to pursue its bad faith cause of action on the merits."

4

*B.  Plaintiff Does Allege Facts Sufficient to Place Defendant on "Fair Notice" of a Common Law Bad Faith Cause of Action.*

The common law cause of action requires the following:

(1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.

Cock-N-Bull Steak House, Inc. v. Generali Ins. Co., 321 S.C. 1, 466 S.E.2d 727, 730 (1996) (quoting Crossley v. State Farm Mut. Auto. Ins. Co., 307 S.C. 354, 415 S.E.2d 393, 396-97 (1992)).

Plaintiff argues that its complaint "plainly states" the elements of the common law cause of action and that it "clearly places National Union on notice that Bovis seeks extra-contractual damages that resulted from National Union's bad faith or unreasonable actions in breach of an implied covenant of good faith and fair dealing in the policies."  It continues that, "no matter how it was plead, Bovis seeks damages as a result of National Union's bad faith.  It is also evident that National Union is well aware of the facts giving rise to Bovis' cause of action for bad faith and the nature of the relief sought."[2]  Alternatively, plaintiff asserts that, given that its complaint places National Union on notice that its claims practices are being challenged, the court should not dismiss Count III but instead should permit it to amend the complaint to add a common law bad faith cause of action.

---

[2]  In further support of this claim, plaintiff notes that, in response to defendant's counterclaim for declaratory judgment, it asserted that "National Union breached its obligations of good faith and fair dealing, and are thus, [sic] liable for bad faith."

Defendant argues that plaintiff's vague and conclusory assertions of "bad faith" or its refusal to pay benefits under the policy made elsewhere in the complaint (and in response to the counterclaim) do not satisfy the minimal standards of notice pleading under the federal rules.  In several places, however, plaintiff's complaint alleges facts which, if true, directly or indirectly constitute a claim for bad faith or the failure to act in good faith.

For instance, paragraph 15 states "Bovis seeks a declaration that . . . it is entitled to damages from National Union as a result of the breach of National Union's obligations of good faith and fair dealing and its repeated bad faith actions."  Paragraph 12 asserts that, "[d]espite Bovis' compliance with the terms and conditional of the National Union Policies and National Union's prior representations, to date National Union has refused or failed to acknowledge its coverage obligations to Bovis under the National Union Policies and has refused or failed to pay any portion of the defense or repair cost amount incurred by Bovis in connection with the Renaissance Claims."  Paragraph 41 alleges that "[o]n the evening prior to the commencement of the mediation . . . National Union wrote to Bovis and advised that, despite its prior representations, National Union would not provide coverage to Bovis in connection with the significant repair costs that has been, and in the future will be, incurred by Bovis."

Similarly, paragraphs 49 through 51 assert that defendant "refused or failed to pay" sums it had assured it would pay, that it accepted the defense obligation "with the knowledge that [it] intended to deny" coverage, and that it should pay these obligations "as a result of its breaches of the Policies and its bad faith and unfair claims handling."

6

Moreover, in the first paragraph of the complaint, plaintiff actually <u>separates</u> the bad faith allegation from the statutory violation: "This is a Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and 2202 respectively, Breach of Contract, <u>Bad Faith</u>, Violation of the South Carolina Unfair Claims Practices Act and Estoppel" (emphasis added).

Thus, although it seems that plaintiff is indeed proceeding only under a statutory bad faith claim, this fact alone does not necessarily require dismissal of the bad faith cause of action. It seems equally clear that defendant has been placed on "fair notice" that plaintiff alleges that it acted in bad faith in its claims settlement practices. <u>See</u> <u>Bolding v. Holshouser</u>, 575 F.2d at 464. Indeed, as this court noted in the <u>Ocean Winds</u> case, albeit in a slightly different context, the "liberal pleading standards" of Rule 8 can encompass a theory implied from the allegations but not specifically stated:

> [B]ad faith refusal to pay benefits and breach of implied warranty of good faith and fair dealing are not separate causes of action. Rather, all bad faith actions– including claims based on bad faith processing of the claims when there is no breach of the insurance contract–arise out of the implied warranty of good faith and fair dealing. Therefore, although the label is admittedly confusing, plaintiff's "bad faith refusal to pay benefits" cause of action, construed under the liberal pleading standards of Fed. R. Civ. P. 8, encompassed its theory that defendant failed to process his claim in good faith even if there were no coverage under the contract.

241 F. Supp. 2d at 578.

Given the significant allegations relating to a bad faith refusal to settle, the plaintiff's complaint places defendant on "fair notice" of this claim. In the interests, of justice, however, plaintiff should amend its complaint to more specifically outline this cause of action.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that defendant's motion to dismiss Count III is denied, and plaintiff is hereby given twenty (20) days to amend its complaint to allege a common law bad faith cause of action.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 9, 2007**
**Charleston, South Carolina**